UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Swartz,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 1:10cv605

Judge Michael R. Barrett

**ORDER**

This matter is before the court upon Magistrate Judge's Report and Recommendation ("R&R") that the decision of the Commissioner should be affirmed and Plaintiff's Sentence Six remand request should be denied. (Doc. 20.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 22.)

**I.    BACKGROUND**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) alleging a disability based on a right shoulder injury, two herniated discs in his neck, spinal stenosis, right leg numbness, and migraine headaches. After Plaintiff's claims were denied initially and upon reconsideration, a hearing was held before

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

an ALJ.  The ALJ denied Plaintiff's applications.  In her written decision, the ALJ found that Plaintiff has the following severe impairments: a herniated disc in the cervical region, headaches, morbid obesity, major depressive disorder with bipolar components, anxiety, and obsessive compulsive disorder.  The ALJ also found that Plaintiff has the residual functional capacity to perform light work, with some exceptions.  The ALJ concluded that Plaintiff was not under a disability.  The Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final administrative decision of the Commissioner.

## II.     MAGISTRATE JUDGE'S R&R

In his Statement of Errors (Doc. 13), Plaintiff argued: (1) the ALJ erred when she rejected the opinion of Plaintiff's treating physician, David P. Herr, D.O., and Plaintiff's treating mental health therapist, Peggy Foster, APRN, CNS; and (2) the ALJ erred when she failed to consider how Plaintiff's obesity impacted his ability to work.

In her R&R, the Magistrate Judge found that the ALJ properly considered the opinions of Dr. Herr and Foster.  The Magistrate Judge noted that Dr. Herr is not a mental health expert, and as the ALJ explained, the limitations he found were inconsistent with his own notes and Plaintiff's daily activities.  The Magistrate Judge noted that Foster's opinion was not entitled to controlling weight because she was not an "acceptable medical source" as that term is defined in the applicable regulations.  However, the Magistrate Judge found that the ALJ properly considered the opinion of Foster according to SSR 06-03p, 2006 WL 2329939, which provides that opinions from medical sources who are not "acceptable medical sources" should still be considered under the factors set forth in 20 C.F.R. §404.1527(d)(2).

As to the second alleged error, the Magistrate Judge concluded that the ALJ did in fact consider Plaintiff's morbid obesity as an aggravating factor to his combined impairments and functional abilities, and properly determined that Plaintiff retained the ability to perform limited work despite his obesity.

Finally, the Magistrate Judge concluded that a remand pursuant to Sentence Six of 42 U.S.C. §405(g) was not warranted because the evidence presented was not material for purposes of Sentence Six.

In his objections to the Magistrate Judge's R&R, Plaintiff argues that the Magistrate Judge erred by finding the ALJ did not err: (1) by failing to give controlling weight to the plaintiff's treating physician in violation of 20 C.F.R. § 404.1527(d) and SSR 96-2p (1996); (2) by failing to adequately address the weight accorded to other medical opinions; and (3) by failing to comply with SSR 06-03p in considering the opinion of the claimant's treating mental health therapist.

### III. ANALYSIS

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d

98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994).

Plaintiff argues that some of the inconsistencies in Dr. Herr's office notes are a reflection of Plaintiff's bipolar disorder itself. Plaintiff explains that individuals with this disorder exhibit different levels of functioning during "highs" and "lows." The Court finds that while it is entirely possible that Plaintiff's mental condition may have created some of the inconsistency in Dr. Herr's records, there were other factors which the ALJ relied upon in rejecting Dr. Herr's opinion that Plaintiff is unable to work full time due to mental impairments. The ALJ noted that Dr. Herr was not a mental health expert. (Tr. 14.) The ALJ also noted that despite Dr. Herr's repeated referrals and Plaintiff's eligibility for Veteran's benefits, Plaintiff was not participating in ongoing mental health treatment. (Id.)[2] In addition, the ALJ noted that Dr. Herr's opinion was inconsistent with other evidence in the file (Id.) as well as his progress notes (Tr. 16).

The Court finds that the ALJ properly weighed the opinion of Dr. Herr under the standards set forth in 20 C.F.R. §§ 404.1527(d), 416.927(d) and SSR 96-2p (1996). The ALJ considered the supportability of the opinion; the consistency of the physician's opinion with the record as a whole; the specialization of the physician; and other relevant factors. In addition, a statement by a medical source that the claimant is "unable to work" is an issue reserved to the Commissioner, and is not given any special significance. 20 C.F.R.

---

[2] However, the Court notes that the Sixth Circuit has instructed that "ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evinces a tranquil mental state. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Commissioner of Social Sec.*, 572 F.3d 272, 283 (6th Cir. 2009) (citing Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir. 2009)).

§ 404.1527(e)(1) & (3) (2011). Furthermore, if substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

Next, Plaintiff argues that the consultative examiner, Dr. Berg, made observations which were inconsistent with his conclusions regarding Plaintiff's mental limitations. Plaintiff also argues that the ALJ erred in relying on the opinion of Dr. Berg because he did not have the opportunity to review Foster's treatment notes. Plaintiff makes the same argument with respect to the opinion of Dr. Flynn, a state non-examining source.

The ALJ explained that she accorded weight to the opinions in the record as follows:

> . . . the undersigned gave some weight to the opinions of State agency medical experts concerning the claimant's functional limitations. The undersigned gave great weight evidence received at the hearing level. As discussed previously, the undersigned gave little weight to the opinions of Ms. Foster and Dr. Herr concerning the claimant's mental abilities to complete work-related tasks, finding them inconsistent with their progress notes and the claimant's daily activities.

(Tr. 18.) As the Magistrate Judge explained, the Sixth Circuit has held that "[i]n appropriate circumstances, opinions from State agency medical . . . consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996). The Magistrate Judge also explained that one of the factors to consider in determining the weight to give to a medical opinion is "the extent to which an acceptable medical source is familiar with the other information in your case record." 20 C.F.R. §§404.1527(d)(6), 416.927(d)(6). However, this is just one factor to consider. As the ALJ stated in her written opinion, she found the opinions of Herr and

Foster inconsistent with their progress notes and the claimant's daily activities. Therefore, the Court finds the ALJ properly weighed the opinions in the record.

Finally, Plaintiff argues that the ALJ failed to comply with SSR 06-03p in considering Foster's opinion. As the Magistrate Judge explained, Foster, as an advanced practice registered nurse and clinical nurse specialist, is not an "acceptable medical source," which is entitled to "controlling weight." *See* 20 C.F.R. §§404.1527(a)(2); 404.1527(d), 416.927(a)(2), 416.927(d). However, SSR 06-03 provides:

> Since there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who have seen the claimant in their professional capacity. Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

2006 WL 2329939 at *7. As the Court noted above, the ALJ outlined the weight given to each opinion in the record, including that of Foster, and the ALJ properly weighed those opinions based on the reasons given.

Based on the foregoing, the Court finds that the Magistrate Judge's recommendation that this matter be remanded is correct. Accordingly, the Magistrate Judge's R&R (Doc. 20) is hereby **ADOPTED**. It is hereby **ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**;

2. Plaintiff's request to remand this case under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**; and

3. This matter should be **CLOSED** and **TERMINATED** from the docket of this

Court.

**IT IS SO ORDERED.**

                                         */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court